1
2
3
4
5
6
7

8            UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,          No.  1:15-cr-00329-DAD-BAM

12            Plaintiff,

13        v.                            ORDER DENYING WITHOUT PREJUDICE
                                        DEFENDANT CECILIO ALANIZ, JR.'S
14   CECILIO ALANIZ, JR.                EMERGENCY MOTION FOR
                                        MODIFICATION OF SENTENCE UNDER 18
15            Defendant.                U.S.C. § 3582(c)(1)(A)

16                                      (Doc. No. 165)

17

18

19        Defendant Cecilio Alaniz, Jr. moves the court to modify his sentence of 78 months in the

20   custody of the U.S. Bureau of Prisons ("BOP") imposed upon him by this court on September 12,

21   2018.  (Doc. Nos. 94, 95.)  Defendant seeks relief due to the risk posed by the COVID-19

22   coronavirus outbreak and requests that the court modify his sentence to a term of time served and

23   immediately order his release on supervised release with a period of home confinement.  (Doc.

24   No. 165.)  For the reasons set forth below, defendant's request will be denied without prejudice.

25        Federal courts may modify an imposed term of imprisonment based on a compassionate

26   release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Defendants may bring their own motions for

27   compassionate release pursuant to that statute only after fully exhausting their administrative

28   remedies with the BOP "or the lapse of 30 days from the receipt of such a request by the warden

1

1   of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  A defendant may

2   be eligible for compassionate release if the court finds that "extraordinary or compelling reasons"

3   warrant a sentence reduction.  *Id.*  The court must ensure, however,  that a sentence reduction is

4   "consistent with the applicable policy statements issued by the Sentencing Commission." *Id.*

5   The court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when

6   deciding a motion for compassionate release.  *See* U.S.S.G. § 1B1.13.

7        Defendant asks that the court deem § 3582(c)(1)(A)'s exhaustion requirement to be here.

8   (Doc. No. 165 at 9.)  Defendant's counsel asserts that she has sent letters requesting that

9   defendant be released to strict home detention to the warden of the Federal Correctional

10  Institution, Lompoc ("FCI Lompoc"), the prison where defendant is currently incarcerated, but

11  has not received a response from the BOP.  (Doc. No. 165 at 9.)  However, in the pending motion

12  defendant does not provide the court with the date(s) on which these letters were allegedly sent or

13  when they were received by the warden of FCI Lompoc.  Thus, it is not apparent to the court that

14  defendant has exhausted his administrative remedies.

15       Defendant does urge the court to waive § 3582(c)(1)(A)'s exhaustion requirement because

16  of the COVID-19 pandemic and the various medical conditions from which defendant allegedly

17  suffers and that make him particularly vulnerable to becoming severely ill if he contracts the

18  virus.[1]  (Doc. No. 165 at 13–15.)  However, § 3582(c)(1)(A) imposes a mandatory exhaustion

19  regime, foreclosing the exercise of judicial discretion, even under such circumstances.  *See U.S.A.*

20  *v. Gillis*, No. 14-cr-00712 SJO (1), 2020 WL 1846792, at *2 (C.D. Cal. Apr. 9, 2020) (listing

21  cases).

22       The court notes that some district courts have held that the administrative exhaustion

23  requirement may be waived because of the COVID-19 pandemic.  *See, e.g.*, *United States v.*

24  *Colvin*, No. 3:19-cv-179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020).  However, this

25  court is bound "by the Ninth Circuit's holding that 'while judicially-created exhaustion

26

27  ───────────────
28  [1]  The advancing of this argument may be fairly characterized as a concession that 30 days has not yet passed from the receipt of defendant's request for compassionate release by the warden at Lompoc.  *See* 18 U.S.C. § 3582(c)(1)(A).

1   requirements may be waived by the courts for discretionary reasons, statutorily-provided

2   exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of

3   discretion by the court.'"  *United States v. Meron*, No. 2:18-cv-0209-KJM, 2020 WL 1873900, at

4   *2 (E.D. Cal. Apr. 15, 2020) (citing *Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1197

5   (9th Cir. 1998)).

6          Although the court recognizes the extraordinary nature of the national public health

7   emergency posed by the COVID-19 pandemic, it simply does not have the power to waive the

8   statutory requirement imposed by Congress that defendant first exhaust his administrative

9   remedies before seeking relief from the court.

10          Accordingly, defendant's emergency motion for modification of the previously imposed

11   term of imprisonment (Doc. No. 165) is denied without prejudice to its renewal upon proper

12   exhaustion of defendant's administrative remedies.

13   IT IS SO ORDERED.

14      Dated:   __April 23, 2020__                                 _____

15                                                                UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28